UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BARRY JAMEL ALEXANDER,**

    Petitioner,

v.                                    CIVIL NO. 2:19cv580
                                            [ORIGINAL CRIMINAL NO. 2:19cr5]

**UNITED STATES OF AMERICA,**

    Respondent.

## OPINION

This matter comes before the court on Petitioner Barry Jamel Alexander's timely[1] pro se motions under 28 U.S.C. § 2255 and amendments to those motions. ECF Nos. 59, 61, 63, 64,[2] 67.

### I. PROCEDURAL HISTORY

An Indictment was filed against the Petitioner on January 9, 2019. ECF No. 3. Count One charged him with conspiracy to manufacture, distribute, and possess with intent to distribute

---

[1] The court received the filings on October 28, 2019 (ECF No. 59), November 8, 2019 (ECF No. 61), January 27, 2020 (ECF No. 63), February 13, 2020 (ECF No. 64), and April 7, 2020 (ECF No. 67). Because these filings were all placed in the prison mail system within one year of the date on which the Petitioner's conviction became final, they are all timely. 28 U.S.C. § 2255(f)(1); see Houston v. Lack, 487 U.S. 266, 276 (1988) (articulating the prison mailbox rule).

[2] ECF Nos. 59 and 64 appear to be the same document.

heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). Id. Count Two charged him with distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Id. Count Three charged him with distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Id. Count Four charged him with use of a communication facility in furtherance of a violation of Title 21 of the United States Code, in violation of 21 U.S.C. § 843(b). Id.

On February 28, 2019, the Petitioner pled guilty to Counts One and Three of the Indictment. ECF No. 16. A plea agreement and Statement of Facts were filed that same day. ECF Nos. 17, 18. The Statement of Facts stated, in part, that the Petitioner was part of a drug-trafficking conspiracy from 2015 to 2018, and that the Petitioner distributed heroin and fentanyl at a 7-Eleven in Norfolk on April 20, 2018. ECF No. 18 ¶¶ 1, 2.

Approximately one month after the plea agreement hearing, the Petitioner's plea counsel, Kristen Kmet, filed a motion to withdraw due to a newly discovered conflict. ECF No. 22. Jon Babineau was subsequently appointed as the Petitioner's sentencing counsel. ECF No. 26.

On April 26, 2019, sentencing counsel filed a Motion to Determine Competency, requesting a hearing to determine whether the Petitioner was competent to understand the sentencing proceedings and assist his attorney in preparing for sentencing. ECF No. 31. The court granted the motion and ordered a competency

evaluation. ECF No. 34. On June 27, 2019, the court received a Competency to Stand Trial Evaluation. ECF No. 39. On July 24, 2019, the court entered an agreed order finding that the Petitioner was competent to be sentenced and that the case against him could proceed. ECF No. 42.

The Petitioner's sentencing hearing was held on September 17, 2019. ECF No. 50. Prior to sentencing, a Presentence Investigation Report ("PSR") was filed, attributing the Petitioner with 0.5619 grams of fentanyl and 1,770.0 grams of heroin, for a total converted drug weight of 1,771.4 kilograms. ECF No. 45 ¶ 18. In his position paper and at the sentencing hearing, sentencing counsel objected to the allegation in paragraph 10 of the PSR that the Petitioner knew that two people had overdosed from the heroin and/or fentanyl that he sold. ECF No. 47 at 1. Sentencing counsel also objected to the attributed drug weight, on the basis that the Petitioner was not selling drugs for the entire period attributed to him in paragraph 9 of the PSR. Id. The court sustained the objections, struck paragraph 10 of the PSR, and attributed the Petitioner with 1,691.4 kilograms of converted drug weight. ECF No. 53 ¶¶ 9, 10, 18. These changes did not affect the Petitioner's Guidelines range. Id. ¶ 18. The court sentenced the Petitioner to one hundred fifty-six (156) months imprisonment and three (3) years supervised release on each count, to run concurrently. ECF No. 51.

## II. LEGAL STANDARD

A petitioner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The petitioner bears the burden of proving the asserted grounds for relief by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court may vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(b). If the § 2255 motion, however, when viewed against the record, conclusively shows that the petitioner is not entitled to relief, the court may summarily deny the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

To succeed on an ineffective assistance of counsel claim, a § 2255 petitioner must show that (1) the counsel's representation was deficient or "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) such deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In a case where the petitioner pled guilty, he must show that there was a "reasonable probability that, but for counsel's errors, he would

4

not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A hearing is not required under § 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Petitions requiring a hearing represent only "a category" of such petitions, "usually involving credibility" of opposing factual claims. Raines, 423 F.2d at 530. Generally, evidentiary hearings are conducted only in "extraordinary circumstances," in which there are disputed material facts about non-frivolous habeas allegations. United States v. White, 366 F.3d 291, 297, 230 (4th Cir. 2004).

### III. FILINGS CONSTRUED

As an initial matter, the court must decide how to construe the Petitioner's numerous § 2255 motions and amendments. Several principles guide this decision. First, pro se filings, such as the Petitioner's, should be "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Second, petitioners are generally allowed to file only one motion under 28 U.S.C. § 2255, and must receive approval from the appropriate court of appeals before filing a second or subsequent motion. See 28 U.S.C. § 2255(h). Here, the Petitioner has submitted two filings entitled "Motion," ECF Nos. 59, 64, and other filings styled as "Amendments," ECF Nos. 61, 63, 67. Third, amendments to § 2255 motions are subject to the procedural

requirements in Federal Rule of Civil Procedure 15(a), which permits parties to amend a pleading once within 21 days of serving it as a matter of course. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Any other amendments require the court's leave or the opposing party's consent. FED. R. CIV. PRO. 15(a)(2).

With these principles in mind, the court **CONSTRUES** the October 28, 2019, and February 13, 2020, filings, which are duplicates of the same document, as the Petitioner's motion under § 2255. ECF Nos. 59, 64. The November 8, 2019, filing is thus a timely first amendment as a matter of right under Rule 15(a)(1). The court **GRANTS** leave to file the remaining documents as amendments to the motion. FED. R. CIV. P. 15(a)(2). The court **LIFTS** any defects associated with these filings and addresses them herein.

### IV. ANALYSIS

The Petitioner's filings make numerous claims regarding the effectiveness of his attorneys and other issues he believes warrant relief from this court. The court will address each claim separately.

#### A. Mental Status

The Petitioner first argues that he should receive relief from his conviction and sentence due to his mental health status, and claims that he had a "settled insanity" defense based on his

longtime drug abuse and mental health problems.³ ECF Nos. 59, 64. It is unclear what relief the Petitioner is asking for, but he appears, first, to request that the court reduce his sentence on grounds of settled insanity or mental health; second, to claim that his plea counsel was ineffective for failing to pursue an insanity defense prior to his plea and at sentencing; and third, to claim that his sentencing counsel was ineffective for failing to argue for mitigation due to settled insanity at sentencing. Id.

### 1. Request for a Sentence Reduction

To the extent the Petitioner requests that the court directly reduce his sentence on mental health grounds, that is not a cognizable claim under 28 U.S.C. § 2255. A collateral attack on a sentence under § 2255 is authorized only for limited reasons, including "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise

---

³ Settled insanity refers to mental disorders caused by long term substance abuse, and is analyzed similarly to a standard insanity defense. See United States v. Garcia, 94 F.3d 57, 61 & n.1 (2d Cir. 1996). According to 18 U.S.C. § 17, the insanity defense is an affirmative defense, requiring that, "at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense." The burden is on the defendant to prove the defense by clear and convincing evidence. Id.

subject to collateral attack." 28 U.S.C. § 2255(a). Here, the Petitioner's drug abuse and mental health problems were well known to the court from the PSR and competency report. Any error in not granting a downward departure was not of a "fundamental character that renders the entire proceeding irregular and invalid," and therefore is not a basis for granting the motion. United States v. Addonizio, 442 U.S. 178, 186 (1979). The Petitioner's request that he be granted an after-the-fact downward departure on this ground is effectively a request to reconsider or appeal his sentence, which is final, and the court lacks jurisdiction to do so at a threshold level in a § 2255 motion. ECF No. 17 ¶ 6.

### 2. Ineffective Assistance of Plea Counsel

The Petitioner's claims of ineffective assistance of counsel for failure to raise the insanity defense prior to his plea hearing are cognizable on a § 2255 motion. Because the filings and record at this juncture do not provide adequate information on this claim, it will require further briefing by the United States and potentially a hearing.

Under Fourth Circuit law, an attorney provides ineffective assistance if he or she does not pursue an insanity defense, but is aware of the possibility that the client was legally insane at the time he committed the offense and no other defense is available. See Hooper v. Garraghty, 845 F.2d 471, 474 (4th Cir. 1988) (finding deficient performance where counsel was aware of

the possibility that the defendant was legally insane at the time of the offense and insanity was the only conceivable defense). Here, there is a suggestion, without more, that plea counsel, Kristen Kmet, knew of the Petitioner's mental issues, because the Petitioner claims he discussed his "mental state" with Ms. Kmet immediately prior to signing the plea agreement. ECF No. 63 at 1. Moreover, although there is nothing else in the record regarding Ms. Kmet's observations of the Petitioner's mental state prior to or around the time of the plea hearing, the Petitioner's mental and psychiatric issues were such that sentencing counsel, Jon Babineau, requested a competency evaluation, under 18 U.S.C. § 4241, of the Petitioner's ability to understand the nature and consequences of the proceedings against him and to assist in his defense. ECF No. 31. That evaluation confirmed that the Petitioner suffers from serious mental health issues, but it ultimately concluded that the Petitioner was competent to understand the sentencing proceedings and to assist his counsel in preparing for them. See Competency Evaluation at 7-11, ECF No. 40 (detailing Petitioner's psychiatric history); id. at 23-24 (conclusions). While the court makes no decision at this time regarding whether plea counsel's performance was deficient in this regard, the court will require a response from the United States and possibly a hearing to resolve this question.

The United States' response should also address whether the Petitioner was prejudiced by any deficient performance. See Hill v. Lockhart, 474 U.S. 52, 59 ("[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty."). Since the Petitioner now claims that he did not understand his plea agreement, despite the plea proceeding to the contrary, there may be some probability that, had plea counsel requested a psychiatric report, the report would have shown that the Petitioner had an affirmative insanity defense and the Petitioner would have rejected the plea agreement on that basis. ECF No. 63 at 1 (Petitioner's claim that he did not understand the plea proceeding); ECF No. 59 at 3 (claim that he was "in an unsound mind at the time of his criminal episodes due to his mental illness"); ECF No. 16 (plea agreement hearing minutes); see Hooper, 845 F.2d at 475 ("The burden is on [the petitioner] to establish a reasonable probability that if his lawyers had obtained a psychiatric report, he would have rejected the plea agreement."). The other issue is whether the Petitioner was able to fully understand the plea proceedings or to assist his defense counsel therein, such that the plea was not knowing and voluntary.[4] See 18

---

[4] However, the court notes that the magistrate judge inquired into the Petitioner's understanding of the charges and his agreement with the Plea Agreement and Statement of Facts at the Rule 11 colloquy, and ultimately accepted his guilty plea. See ECF

U.S.C. § 4241. In support of that point, the Petitioner claims that, prior to signing the plea agreement, he told Ms. Kmet that he "shouldn't sign something that I'm not fully aware of," but she told him to "still sign it." ECF No. 63 at 1.

At this juncture, without more, the Petitioner's assertions alone do not meet his burden to show prejudice. See Hooper, 845 F.2d at 475. However, while the competency evaluation focused on the Petitioner's mental fitness for sentencing, rather than his mental state at the time of the offense, there are several aspects in the evaluation that suggest the Petitioner's mental state at the time of the offense may have affected his ability to appreciate the nature or wrongfulness of his acts. See id. (stating that the prejudice prong in such cases requires an "objective analysis" of the record evidence, rather than reliance on the petitioner's own assertions and representations); 18 U.S.C. § 17(a) (insanity defense statute). Specifically, the evaluation describes longstanding psychiatric problems requiring occasional hospitalization, including hallucinations and a prior diagnosis of schizoaffective disorder, and states that the Petitioner was not

---

Nos. 16 (Plea Agreement Hearing), 17 (Plea Agreement), 18 (Statement of Facts), 19 (Order Accepting Guilty Plea). The court cannot ignore the Petitioner's statements made on the record, under oath, during that colloquy, including his affirmation of the Statement of Facts, understanding of the charges, and desire to plead guilty, absent a showing of extraordinary circumstances. See Lemaster, 403 F.3d at 221.

taking his medications at the time of his offense. See Competency Evaluation at 7-11 (detailing Petitioner's psychiatric history); id. at 8 (stating that the Petitioner had stopped taking psychotropic medication for his hallucinations and other psychiatric issues in 2005).

Accordingly, the court cannot summarily dismiss this claim at this juncture. See White, 366 F.3d at 297 ("Summary dismissal of habeas allegations is 'warrant[ed]' only if a habeas petitioner's allegations 'when viewed against the record . . .' are 'palpably incredible' or 'patently frivolous or false.'" (quoting Blackledge v. Allison, 431 U.S. 63, 76 (1977))). The court reserves ruling on this claim to allow the United States an opportunity to respond, and until a hearing can be held, if necessary.

### 3. Ineffective Assistance of Sentencing Counsel

The Petitioner also claims ineffective assistance of sentencing counsel for failing to seek a departure based on the Petitioner's drug abuse-induced mental condition. ECF No. 59 at 3-4. Drug abuse is ordinarily not a reason for a downward departure. See U.S.S.G. § 5H1.4; ECF No. 59 at 2. However, mental or emotional conditions can be grounds for departure, if such condition is "present to an unusual degree" and "bears a causal relationship to the crime." U.S.S.G. § 5H1.3;[5] see United States v. Withers, 100

---

[5] The Guidelines also provide a separate departure for diminished mental capacity at the time of the offense. U.S.S.G.

F.3d 1142, 1148 (4th Cir. 1996) ("[I]n order to qualify for a departure under this section a defendant must be suffering from something greater than 'emotional problems' or 'hardship.' A defendant must also demonstrate that his or her 'significantly reduced mental capacity' bears a causal relationship to the crime." (citations omitted)).

Sentencing counsel did request the appropriate competency evaluation for sentencing, and such an evaluation was ordered and provided to the parties and to the court. ECF Nos. 31 (Motion to Determine Competency), 34 (Order Granting Motion), 39 (Competency Evaluation), 41 (Motion for Agreed Order of Competency), 42 (Agreed Order of Competency). There is no direct finding in the competency evaluation that <u>the Petitioner's drug abuse was such that he was not competent for sentencing or was qualified for a Guidelines departure on this basis</u>, nor was there such a finding in the PSR. See ECF No. 32. The Petitioner was not prejudiced by sentencing counsel's failure to raise his drug abuse-induced mental health condition <u>as a ground for a Guidelines departure at sentencing</u>, and raising it may have been perceived as an attempt to evade responsibility by claiming <u>mental impairment from drug abuse</u>,

---

§ 5K2.13. However, a departure under § 5K2.13 is not permitted where, as the Petitioner argues here, "the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants." Id.

13

which then could have resulted in a loss of acceptance of responsibility credit under U.S.S.G. § 3E1.1. Taken together, the record indicates that sentencing counsel was fully aware of the Petitioner's mental status and the contents of the competency evaluation, and made a strategic decision to focus on the drug weights and acceptance of responsibility at sentencing, rather than the Petitioner's mental status. See Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."). Accordingly, the Petitioner's claim on this issue is denied.[6]

### B. Failure to Object to Drug Weights at Sentencing

The Petitioner also argues that his sentencing counsel was ineffective in failing to object to the drug weights in the Presentence Investigation Report ("PSR"), and claims that he was not dealing heroin for the full length of time alleged in the PSR. ECF No. 61 at 1, 4-5; ECF No. 67 at 5-7. To the contrary, his sentencing counsel did pursue these issues in the position paper

---

[6] Moreover, sentencing counsel's decisions at the sentencing hearing came after plea counsel's decision not to pursue an insanity defense prior to the guilty plea, and after the guilty plea was accepted by the magistrate judge. See supra note 4 and accompanying text. Importantly, if the court now determines that the plea was not valid due to the Petitioner's mental condition, then the sentencing proceedings become irrelevant to the disposition of the § 2255 motion, as amended, because this issue rises and falls on the former. See supra Part IV.A.2.

and at the sentencing hearing, to the extent he was able. See ECF No. 47 at 1. The one piece of concrete evidence the Petitioner points to in arguing for a lower drug weight, that he was in prison for a portion of the time when the informant said he was selling drugs, was addressed in the PSR and at sentencing, and the drug weights were adjusted down to reflect this. See id.; ECF No. 53 ¶ 9 (showing changes made to the PSR during the sentencing hearing).

The Petitioner has not pointed to any other evidence available to sentencing counsel that would have met the defense's burden of establishing the inaccuracy or unreliability of the information in the PSR. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) ("The defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate."). Sentencing counsel would not have been able to baldly assert that the PSR was inaccurate, as the Petitioner seems to have wanted him to do, and he was not deficient for not having done so. The court rejects this claim on the basis of the filings and record.

### C. Other Claims of Ineffective Assistance at Sentencing

The Petitioner makes various other allegations of ineffective assistance by his sentencing counsel, all of which the court rejects on the basis of the files and records of the case. 28

15

U.S.C. § 2255(b). The Petitioner's claim that sentencing counsel should have questioned his mother further about his mental status fails, because the court was aware of his mental health issues from the PSR and competency evaluation, and the Petitioner does not say that his mother had any new information to share on the topic. ECF No. 59 at 3. The claim that counsel should have called as a witness the Petitioner's cousin, who was present in the courtroom during sentencing and allegedly was the person who "insisted" that the Petitioner carry out the controlled buy on April 20, 2018, also fails, because there was no prejudice to the Petitioner. ECF No. 61 at 2. It is not legally relevant to the Petitioner's case whether the Petitioner's cousin encouraged him to commit the offense.

Alternatively, to the extent the Petitioner wishes to say his cousin was the one who made the sale, that claim would contradict the sworn Statement of Facts and risk losing acceptance of responsibility credit, so sentencing counsel was not deficient in not raising it. ECF No. 18 at 2. There is no evidence that his cousin made the sale in question or that his cousin would have so testified under oath at the Petitioner's sentencing. This bald assertion by the Petitioner, without more, is not supported in any way by the record or otherwise.

Finally, the Petitioner's complaint that he did not get enough credit for cooperating with the Government does not constitute an

allegation of deficient performance by counsel, because the applicable Guidelines provision and Federal Rule of Criminal Procedure require that motions for reduced sentences based on substantial assistance must be brought by the Government, not by the court or defense counsel. See U.S.S.G. § 5K1.1; FED. R. CRIM. P. 35.

### D. Complaints Regarding Conditions of Imprisonment

Finally, the Petitioner makes several complaints about his conditions of confinement, including that he is not receiving adequate mental health treatment and that the Bureau of Prisons ("BOP") told him that it does not offer certain substance abuse programs until the last few years of a prisoner's term of incarceration. ECF No. 59 at 4; ECF No. 63 at 2-3; ECF No. 67 at 3-5. These issues are administrative matters involving BOP policy and are not redressable in a motion under 28 U.S.C. § 2255. Such a motion can only challenge the legal validity of the court's sentence, not the BOP's administrative decisions. See 28 U.S.C. § 2255(a).

### V. CONCLUSION

For the foregoing reasons, the Petitioner's motions and amendments, ECF Nos. 59, 61, 63, 64, 67, are **DENIED** with respect to the claims discussed in Parts IV.A.1, IV.A.3, IV.B, IV.C, and IV.D of this Opinion on the basis of the motions, files, and records of the case at this juncture. The court reserves ruling on

17

the claim discussed in Part IV.A.2 of this Opinion and **DIRECTS** the United States to respond to that claim within forty-five (45) days of the entry of this Opinion. Any reply by the Petitioner shall be filed within twenty-one (21) days of said response being filed. If the court decides that an evidentiary hearing is necessary, it will appoint counsel for the Petitioner, as required by Rule 8(c) of the Rules Governing Section 2255 Proceedings.

The Clerk is **DIRECTED** to forward a copy of this Opinion to the Petitioner; the Petitioner's former counsel, Kristen Kmet and Jon Babineau; and the United States Attorney at Norfolk.

**IT IS SO ORDERED.**[7]

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

June 19, 2020

---

[7] Any appeal of this Opinion shall await a final decision by this court on all of the Petitioner's claims.